# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION

| | |
|---|---|
| JASON WEBB, | PLAINTIFF |
| vs. | CASE NO.: 2:13-cv-02029 |
| | JURY DEMANDED |
| THE CITY OF MEMPHIS POLICE DEPARTMENT; MAJOR KIM CLARK MANSEL, Individually and as SCENE COMMANDER for THE CITY OF MEMPHIS POLICE DEPARTMENT; VICTORY TOWING AND RECOVERY, LLC; ROBERT COOK, Individually and as an employee of VICTORY TOWING AND RECOVERY, LLC; RICHARD O. KIRSCHNER, INDIVIDUALLY; and other known or unknown employees of THE CITY OF MEMPHIS POLICE DEPARTMENT or VICTORY TOWING AND RECOVERY, LLC., | DEFENDANTS |

## MOTION TO DISMISS OF VICTORY TOWING AND RECOVERY, LLC; ROBERT COOK; AND RICHARD O. KIRSCHNER

COME NOW Defendants Victory Towing and Recovery, LLC, Robert Cook and Richard O. Kirschner[1] and hereby move this Court to dismiss the January 14, 2013 Complaint of Plaintiff Jason Webb, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim against Defendants Victory Towing and Recovery, LLC, Robert Cook and Richard O. Kirschner upon which relief can be granted.  In support[2] of this motion, Defendants would state the following:

   1)   The Complaint before this Court was filed on January 14, 2013, and summons were issued to all Defendants on or about May 9, 2013.

---

[1]   Defendant Richard O. Kirchner has a Chapter 13 Bankruptcy case pending in the United States Bankruptcy Court for the Western District of Tennessee (Petition No. 12-30545), and is filing a Suggestion of Bankruptcy contemporaneously herewith.

[2]   These Defendants have contemporaneously filed a Memorandum In Support of Motion to Dismiss of Victory Towing and Recovery, LLC; Robert Cook; and Richard O. Kirschner.

2) The Summons and Complaint were served[3] on Defendant Victory Towing and Recovery, LLC on or about May 29, 2013. The Summons and Complaint were served on Defendant Richard O. Kirchner on or about June 6, 2013. On information and belief, the Summons and Complaint were served on Defendant Robert Cook after May 9, 2013.

3) The Complaint filed in this Court alleges, in pertinent part, that:

As a result of Defendants Robert Cook's and Richard Kirschner's[4] erroneous allegation, and Defendant Memphis Police Major Kim Clark Mansel's over-zealous investigation, Plaintiff Jason Webb was, under color of Tennessee law, inappropriately detained for over eight (8) hours, in violation of the Fourth, Fifth and Eighth Amendments to the United States Constitution, made variously applicable to the States by incorporation into the Fourteenth Amendment, giving rise to liability under 42 U.S.C. § 1983, as well as the common law tort of false imprisonment.

4) Also on January 14, 2013, Plaintiff filed Civil Warrant No. 1601248 in the Shelby County General Sessions Court seeking seemingly identical relief against the same parties and stemming from the same incident. On March 27, 2013, the General Sessions Court dismissed the case without prejudice. On April 5, 2013, Plaintiff filed a Notice of Appeal in the Shelby County Circuit Court. The matter remains pending as Case No. CT-001641-13.

5) The General Sessions Civil Warrant, now under appeal, alleges that all Defendants are liable for: "False imprisonment stemming from an incident occurring on Covington Pike in the City of Memphis, January 12, 2012."

---

3   Fed. R. Civ. P. 4(m) provides that: If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Defendants Victory Towing and Recovery, LLC, Robert Cook and Richard O. Kirschner were not served with the Summons and Complaint within the mandated period of time, and the Court may find that service on them is ineffectual, and that the Complaint must be dismissed.

4   Some action by Victory Towing – not its employees or its agents – must cause the alleged deprivation of rights. "A defendant cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis. *Monell v. Department of Social Serv.*, 436 U.S. 658 (1978).

2

6) The applicable case law uniformly provides that an individual citizen is not liable for any acts of police officers based on the citizen's having provided information to such officers, unless they had engaged in a joint activity entailing a preconceived plan between the individual and the police. Absent such plan, the individual citizen is not liable for the police officer's decisions in carrying out his or her duty acting on the information provided. *See Adikes v. S.H. Kress*, 398 U.S. 144, 152 (1970) (joint activity when department store had agreement with police to arrest store patrons); *Ginsburg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268 (2d Cir. 1999) (no state action when defendant called police to quell disturbance being caused by customer in the defendant's place of business, officer's decision of how to carry out his duty was his own); *Watson v. Haverford Township Police Dep't*, 2011 WL 2200306 (E.D. Penn. 2011) (state action when defendant had neighbor arrested and there was evidence that defendant had previously worked for the town/police and there was a preconceived plan); *Butler v. Goldblatt Bros., Inc.*, 589 F.2d 323 (7th Cir. 1978) (even though arrest was unlawful, individual who called the police was not responsible).

7) When faced with a motion to dismiss for failure to state a claim, the Court "must treat all of the well-pled factual allegations of the complaint as true, construe those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of the plaintiff." *Jones v. City of Memphis*, 852 F. Supp. 2d 1002, 1008 (W.D. Tenn. 2012). In order "[t]o survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient 'to raise a right to relief above the speculative level' and to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949-1950, 173 L.Ed.2d 868 (2009)). "A claim has facial plausibility when the plaintiff pleads factual

3

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

  8) Taking all matters in the Complaint in the light most favorable to Plaintiff Jason Webb, the Complaint must be dismissed against Defendants Victory Towing and Recovery, LLC, Robert Cook and Richard O. Kirschner for failure to state a claim against them.

  WHEREFORE, Defendants Victory Towing and Recovery, LLC, Robert Cook and Richard O. Kirschner respectfully move the Court to find that the Complaint fails as a matter of law for failure to state a claim against them, and to enter an order:

  1) Dismissing with prejudice the Complaint against Defendants Victory Towing and Recovery, LLC, Robert Cook and Richard O. Kirschner;

  2) Making a finding of fact that the claim against Defendants Victory Towing and Recovery, LLC, Robert Cook and Richard O. Kirschner was frivolous, unreasonable and/or groundless, and awarding reasonable attorneys'[5] fees to same; and

  3) Granting Defendants Victory Towing and Recovery, LLC, Robert Cook and Richard O. Kirschner all such other reasonable and just relief to which they are entitled.

---

[5] If a plaintiff's § 1983 claims are "frivolous, unreasonable, or groundless," then 42 U.S.C. § 1988(b) provides for the discretionary award of attorneys' fees. *Shapiro v. City of Glen Cove*, 96 F.3d 644, 649-53 (2d. Cir. 1996).

4

Respectfully Submitted,

s/J. Lewis Wardlaw
Lee L. Piovarcy (Tenn. Bar No. 8202)
J. Lewis Wardlaw (Tenn. Bar No. #23078)
MARTIN, TATE, MORROW & MARSTON, P.C.
6410 Poplar Ave., Suite 1000
Memphis, Tennessee 38119
(901) 522-9000
(901) 527-3746 fax

*Attorneys for Defendants Victory Towing and Recovery, LLC, Robert Cook and Richard O. Kirschner*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on the following by the Court's ECF filing system along with having been mailed by First-Class U.S. Mail, postage pre-paid:

Charles E. Waldman, Esq.
Waldman and Associates
200 Jefferson Avenue, Suite 900
Memphis, TN 38103

Barbaralette G. Davis, Esq.
Assistant City Attorney
125 N. Main Street, Room 336
Memphis, TN 38103

on this the 14th day of June, 2013.

s/J. Lewis Wardlaw
J. Lewis Wardlaw